UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MATTHEW CATANZARO,

        Plaintiff,                  CIVIL ACTION NO. 10-CV-14554

  vs.                                  DISTRICT JUDGE NANCY G. EDMUNDS

CARR, et al.,                    MAGISTRATE JUDGE MONA K. MAJZOUB

        Defendants.
_____/

### REPORT AND RECOMMENDATION

**I.** **RECOMMENDATION:** This Court recommends that the Partial Motion to Dismiss filed by Defendant Marble (docket no. 32) be **GRANTED**, and Plaintiff's claims against Defendant Marble for retaliation and deliberate indifference relative to his medical treatment for Irritable Bowel Syndrome should be dismissed.

**II.** **REPORT**:

This matter comes before the Court on the Partial Motion to Dismiss filed by Defendant Dianna Marble. (Docket no. 32). Plaintiff filed a response to the motion. (Docket no. 44). Defendant Marble filed a reply. (Docket no. 53). All pretrial matters have been referred to the undersigned for action. (Docket no. 10). The Court dispenses with oral argument on the motion pursuant to E.D. Mich. LR 7.1(f). The motion is now ready for ruling pursuant to 28 U.S.C. § 636(b)(1)(B).

**A.** **Facts**

Plaintiff Matthew Catanzaro, a state inmate currently incarcerated at the Pugsley Correctional Facility in Kingsley, Michigan, filed this *pro se* civil rights action pursuant to 42 U.S.C.

1

§ 1983. The events giving rise to Plaintiff's complaint occurred while he was incarcerated at the Mid-Michigan Correctional Facility in St. Louis, Michigan. Defendant Marble is a Nurse Practitioner who was employed at the Mid-Michigan Correctional Facility at the time of the events giving rise to Plaintiff's complaint. Plaintiff sues Defendant Marble in her individual capacity, alleging claims of retaliation and deliberate indifference in violation of the First and Eighth Amendments of the United States Constitution. (Docket no. 1 at 30-31).

Plaintiff states that he sought medical treatment in November 2008 for the purpose of receiving medication for lower abdominal pain, headaches, diarrhea, and constipation associated with Irritable Bowel Syndrome. Plaintiff states that he filled out three health care requests between November and December 2008 but did not receive treatment for his condition. (Docket no. 1, ¶¶ 124-126). He claims that he was seen in health care on December 23, 2008 by Nurse Henney, who let him sit for more than one hour as other inmates were treated. (Docket no. 1, ¶ 127). Plaintiff states that when he realized that he was going to miss his Christmas meal he requested and received a pass so he could eat. (Docket no. 1, ¶ 128). Plaintiff returned to health care on the afternoon of December 23, 2008 where he again allegedly waited over an hour while other inmates were treated. (Docket no. 1, ¶ 129).

Plaintiff alleges that he became sore from sitting, so he stood up and looked through a window in health care where he saw Defendant Marble standing with Captain Adolph, Nurse Petty, and Nurse Henney. (Docket no. 1, ¶ 130). He claims that when he knocked on the window and demanded to be seen, Defendant Marble and the others laughed. (Docket no. 1, ¶ 131). Plaintiff states that when he saw Defendant Marble through the window he knew she was retaliating against him because he filed a lawsuit against her in 2007. (Docket no. 1, ¶ 130). Plaintiff further states that

2

Defendant Marble conspired with Nurse Henney and Nurse Petty to deny him health care in order to punish him for filing a lawsuit against Defendant Marble. (Docket no. 1, ¶ 137).

Plaintiff states that a Lieutenant told him that his appointment would have to be rescheduled because an inmate was having a diabetic seizure. (Docket no. 1, ¶¶ 133-134). He claims that it took from November 2008 until February 2009 to receive medication for his Irritable Bowel Syndrome, during which time he was in pain. (Docket no. 1, ¶ 136).

**B.     Standard**

Defendant Marble moves under Federal Rule of Civil Procedure 12(b)(6) to dismiss Plaintiff's claims of deliberate indifference and retaliation relative to Defendant Marble's alleged failure to treat Plaintiff for his Irritable Bowel Syndrome.[1] When determining a motion under Rule 12(b)(6), the court must construe the complaint in a light most favorable to the plaintiff, accept all well-pled factual allegations as true, and determine whether the plaintiff's allegations present plausible claims for relief. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007). To survive the motion, "the complaint must contain either direct or inferential allegations respecting all material elements to sustain a recovery under some viable legal theory." *Bishop v. Lucent Tech., Inc.*, 520 F.3d 516, 519 (6th Cir.2008) (citation and internal quotation marks omitted). The court is not bound by a plaintiff's legal conclusions or unwarranted factual inferences contained in the pleadings. *Gregory v. Shelby Cnty., Tenn.*, 220 F.3d 433, 446 (6th Cir.2000).

---

[1] In addition to Plaintiff's claims involving Irritable Bowel Syndrome, the complaint also alleges that in July 2009 Defendant Marble denied Plaintiff Ditropan medication he allegedly needed for a bladder condition. (Docket no. 1, ¶¶ 139-147). Defendant Marble's alleged retaliation and deliberate indifference to Plaintiff's bladder condition is not the subject of the present Motion to Dismiss.

**C.     Analysis**

For liability to attach under 42 U.S.C. § 1983, Plaintiff must allege that a right secured by the Constitution or a federal law was violated by a person acting under color of state law. *West v. Atkins,* 487 U.S. 42, 48 (1988). Plaintiff alleges that his Eighth Amendment right was violated by the deliberate indifference of Defendant Marble. He also alleges that Defendant Marble violated his First Amendment right to be free from retaliation for filing lawsuits and grievances.

To state a plausible claim for a violation of the Eighth Amendment under a theory of deliberate indifference to a serious medical need, an inmate must allege facts to show that he suffered from a serious medical need and the official acted with a sufficiently culpable state of mind. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). To have a sufficiently culpable state of mind, an official must know of and consciously disregard an excessive risk to the inmate's health or safety. *Id.* at 837. A claim of retaliation under the First Amendment requires proof that the prisoner engaged in protected conduct, an adverse action was taken against him that would deter a person of ordinary firmness from continuing to engage in that conduct, and the adverse action was motivated at least in part by the prisoner's protected conduct. *Thaddeus-X v. Blatter,* 175 F.3d 378, 394 (6th Cir.1999) (citations omitted).

Section 1983 liability may not be predicated on an official's failure to act, but rather must be based on active unconstitutional conduct. *Shehee v. Luttrell*, 199 F.3d 295, 300 (1999). Thus, in order to state a claim under § 1983, a plaintiff must allege some specific personal wrongdoing on the part of each individual Defendant. *Bruner v. Dunaway*, 684 F.2d 422, 425 (6th Cir.1982). Here, Plaintiff has not alleged facts to show that Defendant Marble was personally involved in the treatment of his Irritable Bowel Syndrome. The facts as alleged by Plaintiff also fail to show that

Defendant Marble subjectively perceived facts from which to infer a substantial risk to Plaintiff, that she in fact drew the inference, and disregarded the risk. *Comstock v. McCrary*, 273 F.3d 693, 703 (6th Cir.2001). Furthermore, Plaintiff has not alleged facts in support of his First Amendment retaliation claim to show a causal connection between the alleged delay or denial of medical treatment for Irritable Bowel Syndrome and Plaintiff's 2007 lawsuit against Defendant Marble.

Plaintiff's claims that Defendant Marble retaliated against him and was deliberately indifferent to his medical needs are wholly conclusory. Likewise, his vague allegations that Defendant Marble conspired with others to deny Plaintiff medical treatment in order to punish him for filing a lawsuit against her are too conclusory to state a claim of conspiracy. *Gutierrez v. Lynch*, 826 F.2d 1534, 1538-39 (6th Cir.1987).

The Court should find that Plaintiff has failed to state a First Amendment retaliation claim and an Eighth Amendment deliberate indifference claim against Defendant Marble concerning medical treatment for Irritable Bowel Syndrome. Consequently, Defendant Marble's Partial Motion to Dismiss (docket no. 32) should be granted. Defendant Marble's request for costs should be denied.

### III. **NOTICE TO PARTIES REGARDING OBJECTIONS**:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir.1991); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981). Filing of objections which raise some issues but fail to raise others with specificity, will

not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir.1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir.1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than fourteen days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: August 31, 2011          s/ Mona K. Majzoub
                                MONA K. MAJZOUB
                                UNITED STATES MAGISTRATE JUDGE


**PROOF OF SERVICE**

I hereby certify that a copy of this Report and Recommendation was served upon Matthew Catanzaro and Counsel of Record on this date.


Dated: August 31, 2011          s/ Lisa C. Bartlett
                                Case Manager