**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**MATTHEW CATANZARO,**

      **Plaintiff,**                              **CIVIL ACTION NO. 10-CV-14554**

  **vs.**                                        **DISTRICT JUDGE NANCY G. EDMUNDS**

**CARR, et al.,**                           **MAGISTRATE JUDGE MONA K. MAJZOUB**

      **Defendants.**
_____/

## ORDER GRANTING DEFENDANT MARBLE'S MOTION TO COMPEL DISCOVERY (DOCKET NO. 64)

This matter comes before the Court on the Motion to Compel Discovery filed by Defendant Dianna Marble. (Docket no. 64). Plaintiff filed a response to the motion. (Docket no. 66). Defendant Marble filed a reply. (Docket no. 67). All pretrial matters have been referred to the undersigned for action. (Docket no. 10). The Court dispenses with oral argument on the motion pursuant to E.D. Mich. LR 7.1(f). The motion is now ready for ruling pursuant to 28 U.S.C. § 636(b)(1)(A).

Plaintiff Matthew Catanzaro, a state inmate currently incarcerated at the Pugsley Correctional Facility in Kingsley, Michigan, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The events giving rise to Plaintiff's complaint occurred while he was incarcerated at the Mid-Michigan Correctional Facility in St. Louis, Michigan. Defendant Marble is a Nurse Practitioner who was employed at the Mid-Michigan Correctional Facility at the time of the events giving rise to Plaintiff's complaint. Plaintiff sues Defendant Marble in her individual capacity, alleging claims of retaliation and deliberate indifference to his medical needs. (Docket no. 1).

On May 9, 2011 Defendant Marble served her First Request for Production of Documents asking Plaintiff to complete an attached medical release authorization so that she could obtain Plaintiff's medical records. (Docket no. 64, ex. A). Plaintiff objected to the request in writing, claiming that the medical authorization was too broad because it included a request for Plaintiff's mental health records. (Docket no. 64, ex. B). In response to Plaintiff's objections, Defendant Marble served a second medical release authorization which requested all of Plaintiff's medical records other than psychiatric records. (Docket no. 64, ex. C). Defendant refused to sign the second authorization as well, claiming that Defendant Marble does not have a right to review his medical file and arguing that his date of birth on the authorization is inaccurate. (Docket no. 64, ex. D). In response to the present motion, Plaintiff now argues that the medical authorization identifies the wrong date of birth and is too broad by asking for medical records from 2000 through 2011. (Docket no. 66).

Plaintiff has placed his medical condition at issue in this case by alleging that Defendant Marble was deliberately indifferent to his medical needs. Consequently, Plaintiff's medical records are relevant to the claims in this case and are discoverable under Federal Rule of Civil Procedure 26(b). Plaintiff must allow Defendant Marble to obtain his medical file. Plaintiff's allegations against Defendant Marble relate to the years 2008 and 2009. However, Plaintiff claims that he received Ditropan for more than two years before Defendant Marble allegedly refused to renew his prescription. (Docket no. 1, ¶ 140).

The Court will grant Defendant Marble's motion, and will order Defendant Marble to serve Plaintiff with a new medical authorization form requesting any and all medical records including electronic records from 2007 through 2010, excluding psychiatric records. The medical

2

authorization should identify Plaintiff's date of birth as March 18, 1966, as is shown on the Offender Tracking Information System. Plaintiff will be ordered to sign the medical authorization without further objection and return it to Defendant Marble.

**IT IS THEREFORE ORDERED** that Defendant Marble's Motion to Compel Discovery (docket no. 64) is **GRANTED** as follows:

- A. On or before September 9, 2011 Defendant Marble must serve Plaintiff with a new medical authorization form identifying Plaintiff's date of birth as March 18, 1966 and requesting any and all medical records including electronic records from 2007 through 2010, excluding psychiatric records.

- B. Plaintiff must sign the medical authorization without further objection and return it to Defendant Marble by September 23, 2011. **Plaintiff's failure to comply with this order may result in dismissal of some or all of his claims against Defendant Marble.**

- C. Defendant Marble's request for costs is denied.

### NOTICE TO THE PARTIES

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of fourteen days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. 636(b)(1).

Dated: September 1, 2011   s/ Mona K. Majzoub
                           MONA K. MAJZOUB
                           UNITED STATES MAGISTRATE JUDGE

**PROOF OF SERVICE**

      I hereby certify that a copy of this Order was served upon Matthew Catanzaro and Counsel of Record on this date.

Dated: September 1, 2011        s/ Lisa C. Bartlett
                                          Case Manager