**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

MATTHEW CATANZARO,

       Plaintiff,                       CIVIL ACTION NO. 10-CV-14554

       vs.                              DISTRICT JUDGE NANCY G. EDMUNDS

CARR, et al.,                       MAGISTRATE JUDGE MONA K. MAJZOUB

       Defendants.

_____/

**REPORT AND RECOMMENDATION**

**I.**     **RECOMMENDATION:** This Court recommends that the Motion for Summary Judgment filed by Defendant Petty (docket no. 36) be **GRANTED**. The Court further recommends that Plaintiff's claims against Defendant Henney be dismissed pursuant to 28 U.S.C. § 1915A. Finally, Plaintiff's Cross-Motion for Summary Judgment (docket no. 45) should be **DENIED** as it relates to Defendants Petty and Henney.

**II.**     **REPORT**:

**A.**     **Facts and Procedural History**

Plaintiff Matthew Catanzaro, a state inmate currently incarcerated at the Pugsley Correctional Facility in Kingsley, Michigan, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The events giving rise to Plaintiff's complaint occurred while he was incarcerated at the Mid-Michigan Correctional Facility in St. Louis, Michigan. Defendant Rosalie Petty and Defendant Henney were employed as nurses at the Mid-Michigan Correctional Facility at the time of the events giving rise to Plaintiff's complaint. Plaintiff sues Defendants Petty and Henney in their individual capacities, alleging claims of retaliation, conspiracy, and deliberate indifference in violation of the

1

First and Eighth Amendments of the United States Constitution. (Docket no. 1 at 30-31).

Plaintiff states that he sought medical treatment in November 2008 for the purpose of receiving medication for lower abdominal pain, headaches, diarrhea, and constipation associated with Irritable Bowel Syndrome. The complaint alleges that Plaintiff had an appointment in health care on December 23, 2008. On that date, Plaintiff claims that Defendant Henney took his pass, then let him sit for more than one hour as she treated other inmates. (Docket no. 1, ¶ 127). Plaintiff claims that when he realized that he was going to miss his Christmas meal he knocked on Defendant Henney's door and requested his pass so he could eat. (Docket no. 1, ¶ 128). Plaintiff claims that Defendant Henney retrieved his pass from the bottom of the pile and handed it to him. (Docket no. 1, ¶ 128). He claims that when he asked why Defendant Henney put his pass at the bottom of the pile, she said "sue me" and slammed the door in his face. (Docket no. 1, ¶ 128).

The complaint states that Plaintiff returned to health care on the afternoon of December 23, 2008 where he again allegedly waited over an hour while other inmates were treated. (Docket no. 1, ¶ 129). Plaintiff alleges that he became sore from sitting, so he stood up and looked through a window in health care where he saw Defendant Petty and Defendant Henney standing with Nurse Practitioner Marble and Captain Adolph. (Docket no. 1, ¶ 130). He claims that when he knocked on the window and demanded to be seen, Defendant Petty and Defendant Henney laughed. (Docket no. 1, ¶ 131). Plaintiff states that when he saw the Defendants through the window he knew they were retaliating against him for filing a lawsuit against Nurse Practitioner Marble in 2007. (Docket no. 1, ¶ 130). He contends that Defendants Petty and Henney conspired with Nurse Practitioner Marble to deny him health care in order to punish him for filing the previous lawsuit against Nurse Practitioner Marble. (Docket no. 1, ¶ 137). Plaintiff claims that he did not receive medication for

his Irritable Bowel Syndrome until February 2009. (Docket no. 1, ¶ 136).

Plaintiff filed the instant lawsuit on November 16, 2010. In January 2011 the Court granted Plaintiff leave to proceed *in forma pauperis* and ordered service by the U.S. Marshal. (Docket nos. 7, 8). On January 25, 2011 a waiver of service as to Defendant Henney was returned unexecuted with a note indicating that the MDOC has no record of this individual. On May 25, 2011 the Court entered an order directing Plaintiff to show cause why Defendant Henney should not be dismissed from this action for failure to serve the summons and complaint within the time allowed under Federal Rule of Civil Procedure 4(m). (Docket no. 55). Plaintiff responded to the show cause order by requesting an extension of time to serve Defendant Henney. (Docket no. 58). He also requested an order directing the Attorney General or the Health Unit Manager at the Mid-Michigan Correctional Facility to identify Defendant Henney or identify who was wearing Henney's name badge on the day of the alleged incident. (Docket no. 58). Subsequently, Plaintiff filed a motion asking the Court to serve Nurse Canafax instead of Defendant Henney because Nurse Canafax was allegedly wearing Defendant Henney's name badge on December 23, 2010. (Docket no. 62). At the time of this Report and Recommendation, neither Defendant Henney nor Nurse Canafax have been served.

In March 2011 Defendant Petty filed the instant Motion for Summary Judgment. (Docket no. 36). Plaintiff did not file a response to the motion but did note his opposition to the motion in his Cross-Motion for Summary Judgment filed in May 2011. (Docket nos. 45, 46). Defendant Petty did not file a response to Plaintiff's Cross-Motion for Summary Judgment and the time for responding has now expired. All pretrial matters have been referred to the undersigned for action. (Docket no. 10). The Court dispenses with oral argument on these matters pursuant to E.D. Mich.

LR 7.1(f). The Court is now ready to rule.

**B.     Standard**

Defendant Petty moves for summary judgment pursuant to Federal Rule of Civil Procedure 56. Summary judgment is appropriate where the moving party shows that there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party has the burden of showing an absence of evidence to support the non-moving party's case. *Covington v. Knox Cnty. Sch. Sys.*, 205 F.3d 912, 915 (6th Cir.2000). Once the moving party has met its burden of production, the non-moving party must come forward with significant probative evidence showing that a genuine issue exists for trial. *Id.* A mere scintilla of evidence is insufficient to defeat a properly supported motion for summary judgment; rather, "there must be evidence on which the jury could reasonably find for the [non-moving party]." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the court must undertake sua sponte review and dismiss the complaint, or any portion thereof, if it determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

**C.     Analysis**

Defendant Petty argues that she is entitled to qualified immunity on all federal claims. In resolving the issue of qualified immunity on summary judgment, the Court must consider (1) whether Plaintiff has shown sufficient facts to make out a violation of a constitutional right, and (2) whether the violation involved clearly established constitutional rights of which a reasonable person

would have known. *Pearson v. Callahan*, 555 U.S. 223, 232 (2009).

Plaintiff alleges that Defendants Petty and Henney violated his Eighth Amendment right to be free from cruel and unusual punishment based on inadequate medical care. To sustain a claim of inadequate medical treatment, Plaintiff must demonstrate that Defendants Petty and Henney acted with deliberate indifference to his serious medical needs. Deliberate indifference occurs when an official "knows of and disregards an excessive risk to inmate health or safety." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

Plaintiff also alleges that Defendants Petty and Henney violated his First Amendment right to be free from retaliation for filing lawsuits and grievances. To prevail on a claim of retaliation under the First Amendment, Plaintiff must prove that he engaged in protected conduct, an adverse action was taken against him that would deter a person of ordinary firmness from continuing to engage in that conduct, and the adverse action was motivated at least in part by the prisoner's protected conduct. *Thaddeus-X v. Blatter,* 175 F.3d 378, 394 (6th Cir.1999) (citations omitted).

Section 1983 liability may not be predicated on an official's failure to act, but rather must be based on active unconstitutional conduct. *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir.1999). Thus, in order to prevail on a claim under § 1983, Plaintiff must allege and prove some specific personal wrongdoing on the part of each individual Defendant. *Bruner v. Dunaway*, 684 F.2d 422, 425 (6th Cir.1982). Here, Plaintiff states only that Defendant Petty and Defendant Henney handled his health care pass on December 23, 2010, and each allegedly let him wait over an hour for care as they treated other inmates. From this, and from the fact that he observed Defendants Petty and Henney laughing, Plaintiff draws the conclusion that Defendants Petty and Henney were conspiring with each other and were in fact denying him medical care in retaliation for his filing a lawsuit

5

against Nurse Practitioner Marble.

Plaintiff has not alleged facts or provided evidence to show that Defendant Petty and Defendant Henney were specifically aware of and were personally involved in the treatment of his Irritable Bowel Syndrome. The facts as alleged by Plaintiff also fail to show that Defendant Petty and Defendant Henney subjectively perceived facts from which they inferred a substantial risk to Plaintiff, that they in fact drew the inference, and disregarded the risk. *Comstock v. McCrary*, 273 F.3d 693, 703 (6th Cir.2001). Furthermore, Plaintiff has not alleged facts in support of his First Amendment retaliation claim to show a causal connection between the alleged delay or denial of medical treatment for Irritable Bowel Syndrome and Plaintiff's 2007 lawsuit against Defendant Marble. Finally, Plaintiff has not alleged sufficient facts to show or provided evidence to demonstrate that Defendants Petty and Henney conspired with others to deny Plaintiff medical care. *See Gutierrez v. Lynch*, 826 F.2d 1534, 1538-39 (6th Cir.1987) (conspiracy claims must be pled with some degree of specificity).

Defendant Petty submitted an affidavit in support of her Motion for Summary Judgment. (Docket no. 36, ex. A). The affidavit states that Plaintiff did not receive medical treatment from Defendant Petty on December 23, 2010 because he left health care against medical advice and refused to wait for his appointment. The affidavit also states that Defendant Petty had no knowledge of Plaintiff's lawsuit against Nurse Practitioner Marble and did not conspire with others to deny Plaintiff medical care. (Docket no. 35, ex. A). Plaintiff has failed to provide evidence to show otherwise.

Plaintiff's claims that Defendant Petty and Defendant Henney engaged in a conspiracy, retaliated against him, and were deliberately indifferent to his medical needs are wholly conclusory.

Accordingly, the Court should find that Plaintiff has failed to state plausible claims for relief against Defendant Henney and should dismiss these claims pursuant to 28 U.S.C. § 1915A. Additionally, the Court should find that Defendant Petty is entitled to qualified immunity and should grant her Motion for Summary Judgment (docket no. 36). Plaintiff's Cross-Motion for Summary Judgment (docket no. 45) should be denied with respect to Issues VII, VIII, IX, X, and XI only as the arguments addressed in those Issues pertain to Defendants Petty and Henney.

### III.    NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir.1991); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir.1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir.1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than fourteen days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1,"

"Response to Objection #2," etc.

Dated: September 7, 2011          s/ Mona K. Majzoub
                                  MONA K. MAJZOUB
                                  UNITED STATES MAGISTRATE JUDGE

## PROOF OF SERVICE

I hereby certify that a copy of this Report and Recommendation was served upon Matthew Catanzaro and Counsel of Record on this date.

Dated: September 7, 2011          s/ Lisa C. Bartlett
                                  Case Manager