UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MATTHEW CATANZARO,

        Plaintiff,                         CIVIL ACTION NO. 10-CV-14554

   vs.                                 DISTRICT JUDGE NANCY G. EDMUNDS

CARR, et al.,                      MAGISTRATE JUDGE MONA K. MAJZOUB

        Defendants.
_____/

## REPORT AND RECOMMENDATION

**I.** **RECOMMENDATION:** The Motion for Summary Judgment filed by Defendants Robert Carr, Rosana Souza, Cef Suarez, Anthony King and Stephen DeBoer (docket no. 35) should be construed as a Motion for Partial Summary Judgment and should be **GRANTED**, and the Cross-Motion for Summary Judgment filed by Plaintiff (docket no. 45) should be **DENIED** as it relates to Defendants Carr, Souza, Suarez, King, and DeBoer.

The Court further recommends that the Motion for Summary Judgment filed by Defendant Andrea Tobias (docket no. 65) should also be construed as a Motion for Partial Summary Judgment and should be **GRANTED**, and the Cross-Motion for Summary Judgment filed by Plaintiff in relation to Defendant Tobias (docket no. 69) should be **DENIED**.

**II.** **REPORT**:

**A.** **Facts and Procedural History**

Plaintiff Matthew Catanzaro, a state inmate currently incarcerated at the Pugsley Correctional Facility in Kingsley, Michigan, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The events giving rise to Plaintiff's complaint occurred while he was incarcerated at the

1

Mid-Michigan Correctional Facility in St. Louis, Michigan. Among others, Plaintiff sues MDOC psychologists Robert Carr, Rosana Souza, and Cef Suarez, former MDOC psychologist Andrea Tobias, and Michigan Parole Board members Anthony King and Stephen DeBoer. Plaintiff sues Defendants Carr, Souza, Suarez, Tobias, King, and DeBoer in their individual capacities, alleging claims of retaliation, conspiracy, equal protection, and due process violations under the First and Fourteenth Amendments of the United States Constitution. (Docket no. 1 at pp. 28, 31).

Plaintiff was convicted of second degree criminal sexual conduct in violation of Michigan Compiled Laws Ann. § 750.520c and being a habitual second offender under Michigan Compiled Laws Ann. § 769.10. To be eligible for parole on his earliest release date ("ERD") of August 26, 2009, Plaintiff states that he was required to complete a sexual offender group psychotherapy program ("SOP"). In his complaint Plaintiff claims that Defendants conspired with each other and with other prison officials and denied him timely access to an SOP program in retaliation for filing grievances. Plaintiff asserts that Defendants' actions caused him to be ineligible for parole on his ERD. While the complaint maintains that Plaintiff was eventually paroled in August 2010 following completion of SOP, as indicated above he is presently incarcerated at the Pugsley Correctional Facility. (Docket no. 1, at p. 1 and ¶ 69). Plaintiff sues for monetary damages and injunctive relief. (Docket no. 1 at p. 31). He claims that he is not seeking release from prison or otherwise challenging his sentence or duration of confinement. (Docket no. 1 at p. 5).

Plaintiff filed the instant lawsuit on November 16, 2010. Defendants Carr, Souza, Suarez, King, and DeBoer filed the instant Motion for Summary Judgment in March 2011. (Docket no. 35). Because the Motion for Summary Judgment addresses Plaintiff's due process, retaliation, and conspiracy claims, but not his equal protection allegations (docket no. 1 at p. 28 and ¶¶ 9, 13-20),

2

the motion will be construed as a Motion for Partial Summary Judgment.  Plaintiff filed a Cross-Motion for Summary Judgment in May 2011 that responds to Defendants' Motion for Summary Judgment.  (Docket nos. 45, 46).  Defendants did not file a response to Plaintiff's Cross-Motion for Summary Judgment and the time for responding has now expired.

On July 12, 2011 Defendant Tobias filed a Motion for Summary Judgment.  (Docket no. 65).  This motion also does not address Plaintiff's equal protection claim and thus will be construed as a Motion for Partial Summary Judgment.  On August 24, 2011, Plaintiff filed, as his response, a Cross-Motion for Summary Judgment.  (Docket no. 69).  Defendant Tobias did not file a response to Plaintiff's Cross-Motion for Summary Judgment and the time for responding has now expired.  All pretrial matters have been referred to the undersigned for action.  (Docket no. 10).  The Court dispenses with oral argument on these matters pursuant to E.D. Mich. LR 7.1(f).  The Court is now ready to rule.

**B.      Standard**

Defendants Carr, Souza, Suarez, King, DeBoer, and Tobias move for partial summary judgment pursuant to Federal Rule of Civil Procedure 56.  Summary judgment is appropriate where the moving party shows that there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  The moving party has the burden of showing an absence of evidence to support the non-moving party's case.  *Covington v. Knox Cnty. Sch. Sys.*, 205 F.3d 912, 915 (6th Cir.2000).  Once the moving party has met its burden of production, the non-moving party must come forward with significant probative evidence showing that a genuine issue exists for trial.  *Id.*  A mere scintilla of evidence is insufficient to defeat a properly supported motion for summary judgment; rather, "there must be evidence on which the jury

could reasonably find for the [non-moving party]." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

**C.    Analysis**

Defendants Carr, Souza, Suarez, King, DeBoer, and Tobias argue that they are entitled to qualified immunity. In resolving the issue of qualified immunity on summary judgment, the Court should consider (1) whether Plaintiff has shown sufficient facts to make out a violation of a constitutional right, and (2) whether the violation involves clearly established constitutional rights of which a reasonable person would have known. *Pearson v. Callahan*, 555 U.S. 223, 232 (2009). Plaintiff alleges that Defendants Carr, Souza, Suarez, King, DeBoer, and Tobias conspired to and did violate his First Amendment right to be free from retaliation for filing grievances, and his Fourteenth Amendment right of equal protection and due process of law. (Docket no. 1 at p. 28). The instant motions pertain to Plaintiff's due process, retaliation, and conspiracy claims only.

*1.    Defendants DeBoer and King*

The complaint states that Plaintiff was interviewed by Defendant Michigan Parole Board member Anthony King on April 8, 2009, during which time Defendant King informed Plaintiff that he was not eligible for parole until he completed SOP. (Docket no. 1, ¶ 21). Plaintiff states that he received a one year continuance. He alleges that Defendant Michigan Parole Board member Stephen DeBoer concurred with Defendant King. (Docket no. 1, ¶ 21). From this, Plaintiff concludes that Defendants King and DeBoer conspired with each other and with other prison officials to deny Plaintiff SOP and cause him to be ineligible for parole by his ERD. Plaintiff claims that he was denied SOP in retaliation for filing a grievance.

For liability to attach under § 1983, a plaintiff must allege some specific personal

wrongdoing on the part of each individual Defendant. *Bruner v. Dunaway*, 684 F.2d 422, 425 (6th Cir.1982). Plaintiff does not allege facts or provide evidence to show that Defendants King and DeBoer were responsible for assigning inmates to SOP or for transferring inmates to other facilities so they could participate in an SOP program. Indeed, MDOC Policy Directive 04.06.180D provides that prisoner referrals for SOP are automatically generated using the Substance Abuse (SAU) screen in the Corrections Management Information System. (Docket no. 35, ex. F at ¶ A). Prisoners who meet the criteria for SOP based on their convictions are automatically entered on the SAU screen with a recommendation for SOP assessment. (Docket no. 35, ex. F at ¶ B). Parole Board members may in their discretion refer prisoners for SOP assessment for inclusion on the waiting list. (Docket no. 35, ex. F at ¶ F). Paragraph 5 of Policy Directive 04.06.180D dictates that when an SOP opening occurs, facility psychologists interview prisoners at the top of the waiting list to assess their suitability for admission to the program. (Docket no. 35, ex. F at ¶ 5). The facility psychologists then complete therapy admission or nonadmission reports and forward copies of the reports to the Chief Psychologist. (Docket no. 35, ex. F at ¶¶ 6-7).

Plaintiff states in his affidavit that he was automatically placed on the statewide SOP tracking list based on his convictions, and he was placed on the prison waiting list approximately 15 months to 18 months before his ERD. (Docket no. 69, ex. 22 at ¶¶ 1-2). He does not state facts to show or provide evidence to demonstrate that Defendants King and DeBoer interfered in any way with Plaintiff's placement in SOP or had any conversations with prison staff members regarding such placement. Instead, Plaintiff simply makes bare unsubstantiated assertions that Defendants violated his due process rights and conspired with others to deny him access to SOP so that he would be ineligible for parole on his ERD. With regard to Plaintiff's claim of retaliation, the facts and

evidence fail to demonstrate that Defendants King and DeBoer were aware that Plaintiff had filed grievances. Therefore, there is no proof that Defendants King and DeBoer denied Plaintiff access to SOP in retaliation for filing grievances.

Plaintiff has failed to demonstrate that Defendants King and DeBoer engaged in any wrongdoing - much less unlawful conduct of unconstitutional proportions. Accordingly, Defendants King and DeBoer are entitled to qualified immunity and dismissal of Plaintiff's claims. Furthermore, to the extent Plaintiff complains of Defendants King and DeBoer's decision to deny his parole, Defendants are entitled to absolute immunity. *Hawkins v. Morse*, No. 98-2062, 1999 WL 1023780, at *1 (6th Cir. Nov. 4, 1999).

*2.     Fourteenth Amendment Due Process Claims Against Defendants Carr, Souza, Suarez, and Tobias*

Next, Plaintiff alleges that Defendants violated his substantive and procedural due process rights to be eligible for parole on his ERD. While Plaintiff seems to understand that he does not have a protected liberty interest in parole, he maintains that he had a protected liberty interest in SOP placement so that he could be considered eligible for parole in time for his ERD.

It is well-established that because parole decisions in Michigan are left to the discretion of the Parole Board, Michigan's parole system does not create a liberty interest in being released on parole. *See Sweeton v. Brown*, 27 F.3d 1162, 1164-65 (6th Cir.1994). In conjunction with this, the Michigan Court of Appeals has also recognized that there is no constitutionally protected right to sex offender therapy or to any other program that would increase an inmate's likelihood of parole. *Hicks v. Dep't. of Corr.*, No. 225518, 2002 WL 1747882, at *1 (Mich. Ct. App. July 23, 2002) (citing *Sweeton v. Brown*, 27 F.3d at 1164-65) (there is "no due process liberty interest that would require defendant to facilitate his participation in group therapy or other programs designed to

6

enhance his parole chances."). In the absence of a protected liberty interest in SOP placement, Plaintiff has no due process claim.

The Court should find that Defendants are entitled to qualified immunity and dismissal of Plaintiff's due process claim.

*3.     First Amendment Retaliation Claims Against Defendants Carr, Souza, Suarez, and Tobias*

Plaintiff next alleges that Defendants retaliated against him for filing grievances by denying him timely access to SOP. To prevail on a claim of retaliation a prisoner must prove that he engaged in protected conduct, an adverse action was taken against him that would deter a person of ordinary firmness from continuing to engage in that conduct, and the adverse action was motivated at least in part by the prisoner's protected conduct. *Thaddeus-X v. Blatter,* 175 F.3d 378, 394 (6th Cir.1999) (citations omitted).

It is well established that an inmate has an undisputed First Amendment right to file nonfrivolous grievances against prison officials. *See Noble v. Schmitt*, 87 F.3d 157, 162 (6th Cir.1996). Plaintiff claims to have filed grievances against various prison staff members. Hence, for purpose of these motions, the Court will accept Plaintiff's contention that he was engaged in a constitutionally protected activity.

The second prong in a retaliation claim requires proof that Defendants took an adverse action against Plaintiff that would deter a person of ordinary firmness from continuing to engage in the protected conduct. *Thaddeus-X v. Blatter,* 175 F.3d at 396. Plaintiff contends that Defendants denied him access to a timely SOP by refusing to assign him to group therapy at the Mid-Michigan Correctional Facility and by refusing to transfer him to a different prison facility where he could participate in SOP. As proof that Defendants had a duty to transfer Plaintiff to a different prison

7

facility for participation in SOP Plaintiff relies on MDOC Policy Directive 03.04.100. Policy Directive 03.04.100(E) provides that when a prisoner's health care needs cannot be met at the facility where the prisoner is housed, he must be transferred to a facility where his needs can be met. (Docket no. 69, ex. 22 - Policy Directive). The policy does not state that staff psychologists are responsible or in any way involved in the decision to transfer prisoners to different prison facilities. Plaintiff's reliance on MDOC Policy Directive 03.04.100(E) to create a duty on behalf of Defendants Carr, Souza, Suarez, and Tobias to transfer inmates for SOP assignment is misplaced.

Defendants state by way of affidavits that they are not and were not responsible for forming group therapy or assigning inmates to group, and that the Lansing Central Office performs these tasks. (Docket no. 35, exs. A, D, E; Docket no. 65, ex. A). Even if Defendants were responsible for the assignment process, Plaintiff has not established that he was at the top of the waiting list when a new SOP group was formed for which he was qualified, and that such a group was formed in time for him to be eligible for parole on his ERD. Plaintiff also has not established that Defendants were required to assign Plaintiff to group in time for him to be considered eligible for parole on his ERD.

The record shows that Plaintiff was placed on the facility and statewide SOP waiting lists well before his ERD, he was informed that his wait may be long, and consistent with MDOC policy he was told that he would be placed into an SOP program when he reached the top of the waiting list and a new SOP group was being formed. (Docket no. 69, ex. 28). Plaintiff attended his first SOP session on April 30, 2009 and he claims that he was paroled after successfully completing the program. The Court should find that Plaintiff has failed to show the existence of a genuine issue of material fact that Defendants Carr, Souza, Suarez, and Tobias denied Plaintiff timely access to an

8

SOP program in retaliation for his grievance activities.

Finally, Plaintiff alleges that Defendant Tobias fabricated a retaliatory mental health progress note in order to punish him for filing grievances. (Docket no. 1, ¶¶ 47-50). Because Plaintiff merely alleges the ultimate fact of retaliation without presenting facts or evidence to support his conclusion, his allegation relative to Defendant Tobias' mental health progress note should be dismissed. *Harbin-Bey v. Rutter*, 420 F.3d 571, 580 (6th Cir.2005); *Murphy v. Lane*, 833 F.2d 106, 108 (7th Cir.1987) (alleging merely the ultimate fact of retaliatory motive unsupported by material facts is insufficient under § 1983).

The Court should find that Defendants Carr, Souza, Suarez, and Tobias are entitled to qualified immunity and dismissal of Plaintiff's First Amendment retaliation claim.

*4.     Conspiracy Claims Against Defendants Carr, Souza, Suarez, and Tobias*

Finally, Plaintiff asserts vague and conclusory allegations that Defendants engaged in various conspiracies to deny Plaintiff access to an SOP program so that he could be paroled on his ERD. Because Plaintiff's allegations of conspiracy are wholly speculative and are unsupported by the facts and evidence, the Court should dismiss Plaintiff's conspiracy claims against these Defendants.

**C.     Conclusion**

For the reasons stated herein, Defendants Carr, Souza, Suarez, King and DeBoer's Motion for Summary Judgment (docket no. 35) should be construed as a Motion for Partial Summary Judgment and should be granted, resulting in the dismissal of Plaintiff's due process, retaliation, and conspiracy claims against these Defendants. Similarly, Defendant Tobias' Motion for Summary Judgment (docket no. 65) should also be construed as a Motion for Partial Summary Judgment and should be granted as to Plaintiff's due process, retaliation, and conspiracy claims. Plaintiff's Cross-

Motion for Summary Judgment filed at docket number 45 should be denied as it relates to Defendants Carr, Souza, Suarez, King, and DeBoer.  Finally, Plaintiff's Cross-Motion for Summary Judgment (docket no. 69) filed as a response to Defendant Tobias' Motion for Summary Judgment should be denied.

## III.     NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir.1991); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).  Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir.1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir.1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc.  Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains.  Not later than fourteen days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity.  The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1,"

"Response to Objection #2," etc.

Dated: September 15, 2011     s/ Mona K. Majzoub
                                        MONA K. MAJZOUB
                                        UNITED STATES MAGISTRATE JUDGE

## **PROOF OF SERVICE**

I hereby certify that a copy of this Report and Recommendation was served upon Matthew Catanzaro and Counsel of Record on this date.

Dated: September 15, 2011     s/ Lisa C. Bartlett
                                        Case Manager