UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MATTHEW CATANZARO,

        Plaintiff,                CIVIL ACTION NO. 10-CV-14554

   vs.                              DISTRICT JUDGE NANCY G. EDMUNDS

CARR, et al.,                  MAGISTRATE JUDGE MONA K. MAJZOUB

        Defendants.
_____/

## REPORT AND RECOMMENDATION

**I.    RECOMMENDATION**: This Court recommends that the Motion for Partial Summary Judgment filed by Defendant Marble (docket no. 78) and the Cross Motion for Summary Judgment filed by Plaintiff (docket no. 103) be denied as moot. The Court further recommends that Defendant Marble's Motion to Strike Plaintiff's Cross Motion for Summary Judgment (docket no. 108) be terminated.

**II.    REPORT**:

This matter comes before the Court on Defendant Diana Marble's Motion for Partial Summary Judgment. (Docket no. 78). Plaintiff filed a Cross Motion for Summary Judgment in response. (Docket no. 103). Defendant Marble filed a Motion to Strike Plaintiff's Cross Motion for Summary Judgment. (Docket no. 108). All pretrial matters have been referred to the undersigned for action. (Docket no. 10). The Court dispenses with oral argument on the motions pursuant to E.D. Mich. LR 7.1(f). The motions are now ready for ruling pursuant to 28 U.S.C. § 636(b)(1)(B).

Plaintiff Matthew Catanzaro, a state inmate currently incarcerated at the West Shoreline

Correctional Facility in Muskegon, Michigan, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The events giving rise to Plaintiff's complaint occurred while he was incarcerated at the Mid-Michigan Correctional Facility in St. Louis, Michigan. Defendant Marble is a Nurse Practitioner who was employed at the Mid-Michigan Correctional Facility at the time of the events giving rise to Plaintiff's complaint. With respect to the instant motions, Plaintiff alleges that Defendant Marble was deliberately indifferent and retaliated against Plaintiff by denying him medication to treat his irritable bowel syndrome.

On August 31, 2011 this Court entered a Report and Recommendation recommending dismissal of Plaintiff's First and Eighth Amendment claims pertaining to the medical treatment Plaintiff received from Defendant Marble for irritable bowel syndrome. (Docket no. 71). On October 20, 2011 the Court entered an order adopting the Report and Recommendation and dismissing these claims against Defendant Marble. (Docket no. 96). Consequently, Defendant Marble's instant Motion for Partial Summary Judgment (docket no. 78), which seeks dismissal of Plaintiff's claims pertaining to medical treatment for Plaintiff's irritable bowel syndrome, and Plaintiff's Cross Motion for Summary Judgment (docket no. 103) should be denied as moot. Defendant Marble's Motion to Strike Plaintiff's Cross Motion (docket no. 108) should be terminated.

### III.    NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of*

*Health & Human Servs.,* 932 F.2d 505 (6th Cir.1991); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).  Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir.1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir.1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc.  Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains.  Not later than fourteen days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity.  The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.


Dated: May 30, 2012          s/ Mona K. Majzoub
                             MONA K. MAJZOUB
                             UNITED STATES MAGISTRATE JUDGE


**PROOF OF SERVICE**

I hereby certify that a copy of this Report and Recommendation was served upon Matthew Catanzaro and Counsel of Record on this date.


Dated: May 30, 2012          s/ Lisa C. Bartlett
                             Case Manager