**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

MATTHEW CATANZARO,

      Plaintiff,              CIVIL ACTION NO. 10-CV-14554

   vs.                          DISTRICT JUDGE NANCY G. EDMUNDS

CARR, et al.,               MAGISTRATE JUDGE MONA K. MAJZOUB

      Defendants.
                                           /

**REPORT AND RECOMMENDATION**

**I.**    **RECOMMENDATION:** The Second Motion for Summary Judgment filed by Defendants Linda Adams and Patrick Pavlo (docket no. 93) and the Second Motion for Summary Judgment filed by Defendants Robert Carr, Rosana Souza, Cef Suarez, Anthony King, Stephen DeBoer, and Andrea Tobias (docket no. 99) should be **GRANTED**, Plaintiff's Cross Motions for Summary Judgment (docket nos. 107, 117) should be **DENIED**, and Defendants Adams, Pavlo, Carr, Souza, Suarez, King, DeBoer, and Tobias should be dismissed from this lawsuit.

**II.**    **REPORT**:

This matter comes before the Court on several motions. The first motion is the Second Motion for Summary Judgment filed by Defendants Linda Adams and Patrick Pavlo. (Docket no. 93). Plaintiff filed a Cross Motion for Summary Judgment in response. (Docket no. 107). The next motion is the Second Motion for Summary Judgment filed by Defendants Robert Carr, Rosana Souza, Cef Suarez, Anthony King, Stephen DeBoer, and Andrea Tobias. (Docket no. 99). Plaintiff filed a Cross Motion for Summary Judgment in response to this motion. (Docket no. 117). The

1

docket shows that Defendants obtained leave of Court prior to filing their second Motions for Summary Judgment in accordance with E.D. Mich. LR 7.1(b)(2). (Docket nos. 94, 100). All pretrial matters have been referred to the undersigned for action. (Docket no. 10). The Court dispenses with oral argument on the motions pursuant to E.D. Mich. LR 7.1(f). The motions are now ready for ruling pursuant to 28 U.S.C. § 636(b)(1)(B).

**A.     Facts**

The facts of this case have been thoroughly set forth in previous reports and recommendations and orders of this Court and will not be recounted here. For purposes of the instant motions, Plaintiff asserts equal protection claims against Defendants Adams, Pavlo, Carr, Souza, Suarez, King, DeBoer, and Tobias. Plaintiff's equal protection claims are the only claims that remain against these Defendants. (Docket no. 96).

**B.     Standard**

Defendants move for summary judgment pursuant to Federal Rule of Civil Procedure 56. Summary judgment is appropriate where the moving party shows that there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party has the burden of showing an absence of evidence to support the non-moving party's case. *Covington v. Knox Cnty. Sch. Sys.*, 205 F.3d 912, 915 (6th Cir. 2000). Once the moving party has met its burden of production, the non-moving party must come forward with significant probative evidence showing that a genuine issue exists for trial. *Id.* A mere scintilla of evidence is insufficient to defeat a properly supported motion for summary judgment; rather, "there must be evidence on which the jury could reasonably find for the [non-moving party]." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

**C.     Analysis**

"The Equal Protection Clause provides that 'all persons similarly situated should be treated alike.' " *Cutshall v. Sundquist*, 193 F.3d 466, 482 (6th Cir. 1999) (quoting *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985)).  Under the Equal Protection Clause the government is prohibited from engaging in discrimination which: (1) burdens a fundamental right; (2) targets a suspect class; or (3) "intentionally treats one differently than others similarly situated without any rational basis for the difference." *TriHealth, Inc. v. Bd. of Comm'rs*, 430 F.3d 783, 788 (6th Cir. 2005) (citation omitted).  The third prong, commonly known as a class of one theory, requires a plaintiff to prove that he was intentionally treated differently from other similarly situated individuals without a rational basis for the difference in treatment. *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000).  A plaintiff establishes that government action lacks a rational basis "either by negativing every conceivable basis which might support the government action, or by showing that the challenged action was motivated by animus or ill-will." *TriHealth, Inc. v. Bd. of Comm'rs*, 430 F.3d at 788 (citation omitted).

*1.     Linda Adams*

Plaintiff alleges that Defendant Adams treated him differently from other similarly situated inmates by refusing to provide Plaintiff with two expedited legal mail forms and a grievance form. (Docket no. 107).  Plaintiff contends that he was late in filing a response to a discovery motion because of Defendant Adams' actions.  (Docket no. 107, ex. 2).  As proof of his claim, Plaintiff submits a copy of a court order verifying that Plaintiff filed a late response to a discovery motion. Despite the late response, the order states that the court considered the merits of the response by construing it as a motion for reconsideration.  In addition, Plaintiff submits his affidavit stating that

he asked other inmates to obtain expedited legal mail forms, grievance forms, and legal photocopy disbursement forms because Defendant Adams would not issue the forms to him. (Docket no. 107, ex. 1). The record also contains an affidavit of inmate Robert Alfiero which states that Alfiero read a grievance authored by Plaintiff which complained that Defendant Adams refused to provide Plaintiff with forms. The affidavit reveals that Alfiero lacks personal knowledge as to whether Defendant Adams did in fact refuse to provide forms to Plaintiff. (Docket no. 45, ex. 8A). Defendant Adams also submitted an affidavit which states that she does not recall the incident. (Docket no. 34, ex. A).

Plaintiff's affidavit has no record support and is the only evidence showing that Defendant Adams refused to provide him with forms. The Court finds that Plaintiff has failed to present sufficient evidence to raise a genuine issue of material fact that Defendant Adams burdened a fundamental right, targeted Plaintiff as a member of a suspect class, or intentionally treated Plaintiff differently from others similarly situated without any rational basis for the difference. *TriHealth, Inc. v. Bd. of Comm'rs,* 430 F.3d at 788. It is the undersigned's opinion that Defendant Adams is entitled to summary judgment on Plaintiff's equal protection claim.

*2. Patrick Pavlo*

Next, Plaintiff alleges that Defendant Pavlo treated him differently from other similarly situated inmates when he issued Plaintiff a major misconduct ticket for being out of place but issued other inmates minor misconduct tickets for similar behavior. Evidence attached to a prior motion filed in this case shows that Defendant Pavlo issued Plaintiff a major misconduct ticket on July 25, 2009 for being out of place during the formal count. (Docket no. 34, ex. H). The misconduct report states that Defendant Pavlo observed Plaintiff off his bunk and standing at the threshold of cube area

4

17-24 during count. The charge number identified on the major misconduct report is 036 - Out of Place. Plaintiff pleaded not guilty to the charge. During a misconduct hearing, the hearing officer reviewed the misconduct report, statements from Plaintiff and other prisoners whom agreed that Plaintiff was not out of place, and a copy of the Control Center Log for the date in question. (Docket no. 34, ex. H). The hearing officer upheld the charge after reviewing the evidence, finding that the evidence showed that Plaintiff was off his bunk without authorization during formal count. Plaintiff was given two days loss of privileges. (Docket no. 34, ex. H).

In addition, evidence of record shows that on August 18, 2009 Defendant Pavlo issued minor misconduct tickets to four inmates in Plaintiff's housing unit. The charge number identified on each of the four minor misconduct reports is 049 - Out of Place. Each report states that Defendant Pavlo observed the inmate off his bunk without authorization and in his bay area. (Docket no. 107, exs. 6-9).

The fact that Plaintiff received a major misconduct ticket while other inmates received minor misconduct tickets for being out of place does not by itself demonstrate that Defendant Pavlo violated the Equal Protection Clause, particularly where the reports involved separate incidents on different days and were documented under different charge numbers. Significantly, Plaintiff has not demonstrated that the four inmates were similarly situated to Plaintiff in all material respects or that Defendant Pavlo's decision to issue Plaintiff a major misconduct violation was not rationally related to a legitimate government purpose. Nor has evidence been presented to show that Defendant Pavlo burdened Plaintiff's fundamental rights or targeted him because he was a member of a suspect class. It is the undersigned's opinion that Defendant Pavlo is entitled to summary judgment on Plaintiff's equal protection claim.

3.      *Robert Carr, Rosana Souza, Cef Suarez, and Andrea Tobias*

Plaintiff alleges that MDOC psychologists Robert Carr, Rosana Souza, Cef Suarez, and Andrea Tobias refused to place him in a sexual offender group psychotherapy program ("SOP") that would permit him to be eligible for parole by his early release date ("ERD"). Plaintiff maintains that Defendants were responsible for interviewing inmates and deciding which inmate to place into the SOP. He claims that the Defendants exhibited ill-will toward him by repeatedly passing over his name on the facility SOP waiting list while at the same time placing other similarly situated inmates with early release dates beyond Plaintiff's date into the SOP.

This Court observed in a Report and Recommendation entered earlier in this case that MDOC Policy Directive 04.06.180D provides that prisoner referrals for SOP are automatically generated using the Substance Abuse (SAU) screen in the Corrections Management Information System. (Docket nos. 81, 96). Prisoners who meet the criteria for SOP based on their convictions are automatically entered on the SAU screen with a recommendation for SOP assessment. (Docket no. 81). MDOC policy dictates that when an SOP opening occurs, facility psychologists interview prisoners at the top of the waiting list to assess their suitability for admission to the program. (Docket no. 81). The facility psychologists then complete therapy admission or nonadmission reports and forward copies of the reports to the Chief Psychologist. (Docket no. 81). This Court previously observed that Plaintiff was automatically placed on the statewide SOP tracking list based on his convictions, and he was placed on the prison waiting list approximately 15 months to 18 months before his ERD. (Docket no. 81).

Defendants Carr, Souza, Suarez, and Tobias state by way of affidavits that they are not and were not responsible for forming group therapy or assigning inmates to group, and that the Lansing

Central Office performs these tasks. (Docket no. 81; Docket no. 35, exs. A, D, E; Docket no. 65, ex. A). In a prior Report and Recommendation the Court found that even if Defendants were responsible for the assignment process, Plaintiff has not established that he was at the top of the waiting list when a new SOP group was formed for which he was qualified, and that such a group was formed in time for him to be eligible for parole on his ERD. (Docket no. 81). The Court also found that Plaintiff has not established that Defendants were required to assign Plaintiff to group in time for him to be considered eligible for parole on his ERD. (Docket no. 81). Nothing in the instant motions persuades this Court to revise it's earlier assessment.

The Court previously reviewed the record and found that the evidence showed that Plaintiff was placed on the facility and statewide SOP waiting lists well before his ERD, he was informed that his wait may be long, and consistent with MDOC policy he was told that he would be placed into an SOP program when he reached the top of the waiting list and a new SOP group was being formed. (Docket no. 81). Plaintiff attended his first SOP session on April 30, 2009 and he claims that he was paroled after successfully completing the program. Plaintiff has failed to present sufficient evidence to show that Defendants Carr, Souza, Suarez, or Tobias burdened a fundamental right, targeted Plaintiff as a member of a suspect class, or intentionally treated Plaintiff differently from others similarly situated without a rational basis for the difference in treatment. Accordingly, this Court recommends that Defendants Carr, Souza, Suarez, and Tobias be granted summary judgment on Plaintiff's equal protection claim.

*4.     Anthony King and Stephen DeBoer*

Next, Plaintiff argues that Defendant parole board members King and DeBoer denied his parole because he failed to complete SOP when they could have granted parole instead and required

Plaintiff to complete SOP treatment while on parole. Along with his cross motion Plaintiff submits a Rule 56(d) affidavit, arguing that as a result of the discovery stay he will require time for discovery before being able to respond to the instant motion with proof that Defendants King and DeBoer refused to parole Plaintiff without SOP but did parole other similarly situated inmates who did not complete SOP.

Prisoners and convicted sex offenders are not members of a protected class for equal protection purposes. *Hampton v. Hobbs*, 106 F.3d 1281, 1286 (6th Cir. 1997); *Cutshall v. Sundquist*, 193 F.3d at 482. Further, Plaintiff has not provided sufficient evidence to show that he was discriminated against on the basis of race or other suspect class. Additionally, Plaintiff does not have a fundamental right to be released on parole. *Greenholtz v. Inmates of Nebraska Penal and Corr. Complex*, 442 U.S. 1, 7 (1979). The Court therefore construes Plaintiff's complaint as alleging a class of one theory under the rational basis review standard of the Equal Protection Clause.

In *Engquist v. Oregon Dept. of Agric.*, 553 U.S. 591 (2008), the United States Supreme Court held that the plaintiff was barred from asserting an equal protection class of one theory in the public employment context because employment decisions are often "subjective and individualized, resting on a wide array of factors that are difficult to articulate and quantify." *Id.* at 604. The Court opined that

> There are some forms of state action ... which by their nature involve discretionary decisionmaking based on a vast array of subjective, individualized assessments. In such cases the rule that people should be 'treated alike, under like circumstances and conditions' is not violated when one person is treated differently from others, because treating like individuals differently is an accepted consequence of the discretion granted.

*Id.* at 603.

Determinations made by members of the Michigan Parole Board are inherently subjective

8

and necessarily rest on individualized factors, including the personal characteristics, criminal, and prison history of the plaintiff. *Franks v. Rubitschun*, No. 06-cv-164, 2010 WL 1424253, at *7 (W.D. Mich. March 31, 2010) (citing cases). Although *Engquist's* holding was limited to the public employment context, several courts citing the subjective nature of parole considerations have extended the *Engquist* rationale to bar class of one equal protection claims involving parole decisions. *Id.* at *7-8 (citing cases). In reliance on *Engquist* and case law extending the *Engquist* rationale to parole denials, the undersigned finds no basis to defer a ruling on Defendants' motion for summary judgment in order to permit Plaintiff time for discovery pursuant to Rule 56(d). Instead, the Court recommends that Plaintiff's class of one equal protection claim against parole board members King and DeBoer be dismissed.

### III.     **NOTICE TO PARTIES REGARDING OBJECTIONS:**

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must

recite *precisely* the provision of this Report and Recommendation to which it pertains.  Not later than fourteen days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity.  The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.


Dated: June 7, 2012                         s/ Mona K. Majzoub
                                            MONA K. MAJZOUB
                                            UNITED STATES MAGISTRATE JUDGE


**PROOF OF SERVICE**

I hereby certify that a copy of this Report and Recommendation was served upon Matthew Catanzaro and Counsel of Record on this date.


Dated: June 7, 2012                         s/ Lisa C. Bartlett
                                            Case Manager