UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MATTHEW CATANZARO,

       Plaintiff,                  CIVIL ACTION NO. 10-CV-14554

  vs.                                   DISTRICT JUDGE NANCY G. EDMUNDS

CARR, et al.,                  MAGISTRATE JUDGE MONA K. MAJZOUB

       Defendants.
_____/

## REPORT AND RECOMMENDATION

**I. RECOMMENDATION:** The Court recommends that Defendant Diana Marble's Motion for Summary Judgment (docket no. 109) be **GRANTED**, Plaintiff's Cross Motion for Summary Judgment (docket no. 118) be **DENIED**, and Defendant Marble be dismissed from this lawsuit.

**II. REPORT**:

This matter comes before the Court on Defendant Diana Marble's Motion for Summary Judgment. (Docket no. 109). Plaintiff filed a Cross Motion for Summary Judgment in response. (Docket no. 118). Defendant Marble filed a reply and a response to Plaintiff's cross motion. (Docket nos. 119, 120). All pretrial matters have been referred to the undersigned for action. (Docket no. 10). The Court dispenses with oral argument on the motions pursuant to E.D. Mich. LR 7.1(f). The motions are now ready for ruling pursuant to 28 U.S.C. § 636(b)(1)(B).

**A.    Facts**

Plaintiff argues that Defendant Marble reduced his prescription for Ditropan from three tablets a day to two tablets a day in violation of the Eighth Amendment and in retaliation for filing

grievances and a lawsuit.  Plaintiff's medical record shows that Plaintiff was first prescribed Ditropan on December 14, 2007 to control frequent urination caused by an overactive bladder. (Docket no. 111, PHS-00082).  Plaintiff's prescription called for him to take one tablet of Ditropan two times per day.  Plaintiff continued taking two tablets of Ditropan until February 2009.

On or around February 9, 2009 Defendant Marble evaluated Plaintiff in the gastrointestinal chronic care clinic and increased Plaintiff's Ditropan prescription to one Ditropan tablet three times per day.  Defendant Marble made the modification in response to Plaintiff's complaints that he was concerned about receiving a misconduct ticket because of his need to urinate during count.  (Docket no. 111, PHS-00159-160, PHS-00166).  Subsequently, in July 2009, Plaintiff informed Defendant Marble that he was still taking Ditropan three times per day and he had reduced his intake of water at night.  (Docket no. 111, PHS-00201).  Defendant Marble responded by reducing Plaintiff's Ditropan prescription back to his original dose of two tablets per day.  (Docket no. 111, PHS-00203).

In September 2009 Plaintiff reported to health care with complaints that the reduction in Ditropan caused him to experience increased urinary urgency and frequency and interfered with his ability to sleep.  (Docket no. 111, PHS-00212).  Plaintiff maintains that with a lower Ditropan dosage he has to stop drinking water in the early evening, which in turn causes him to wake in the early morning hours with a severe headache and dizziness.  He further alleges that the Ditropan reduction caused him to develop a urinary tract infection and genital pain.  Plaintiff claims that Defendant Marble reduced his Ditropan dosage in violation of the Eighth Amendment and in retaliation for lawsuits and grievances Plaintiff pursued.

**B.      Standard**

Defendant Marble moves for summary judgment pursuant to Federal Rule of Civil Procedure 56. Summary judgment is appropriate where the moving party shows that there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party has the burden of showing an absence of evidence to support the non-moving party's case. *Covington v. Knox Cnty. Sch. Sys.*, 205 F.3d 912, 915 (6th Cir. 2000). Once the moving party has met its burden of production, the non-moving party must come forward with significant probative evidence showing that a genuine issue exists for trial. *Id.* A mere scintilla of evidence is insufficient to defeat a properly supported motion for summary judgment; rather, "there must be evidence on which the jury could reasonably find for the [non-moving party]." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

**C.     Analysis**

To establish a cognizable claim for a violation of the Eighth Amendment under a theory of deliberate indifference to a serious medical need, an inmate must come forward with proof of both an objective and subjective component. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). To establish the objective component, a plaintiff must demonstrate the existence of a sufficiently serious medical need. A sufficiently serious medical need is one that has been diagnosed by a physician as mandating treatment or is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. *Blackmore v. Kalamazoo Cnty.,* 390 F.3d 890, 897 (6th Cir. 2004) (citations omitted). To establish the subjective component a plaintiff must show that the defendant possessed a sufficiently culpable state of mind in denying medical care. *Id*. at 895. Differences in judgment between an inmate and prison medical personnel regarding the appropriate medical diagnosis or treatment are not enough to state a deliberate indifference claim. *Hill v. Haviland*, 68 Fed. Appx

603, 604 (6th Cir. 2003) (citing *Estelle v. Gamble*, 429 U.S. 97, 107 (1976)).  Thus, "[w]here a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and constitutionalize claims that sound in state tort law." *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976).

To establish a claim of retaliation under the First Amendment an inmate must show that he was engaged in protected conduct, an adverse action was taken against him that would deter a person of ordinary firmness from continuing to engage in that conduct, and there is a causal connection between the two. *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999).  Once the plaintiff has demonstrated protected conduct, adverse action, and a causal relationship, the burden shifts to the defendant to demonstrate that the same action would have been taken regardless of the protected conduct.  *Id.* at 399 (citing *Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274 (1977)).  If the defendant can show that she would have taken the same action in the absence of the protected activity, she is entitled to prevail on summary judgment.  *Id.*

Here, there is no evidence in the record to suggest deliberate indifference on the part of Defendant Marble.  As noted above, there is no dispute that Plaintiff received medical treatment from Defendant Marble and that Defendant Marble reduced, not cancelled, Plaintiff's Ditropan to the original dosage he had received for two years.  Defendant Marble states by way of sworn declaration that she decreased Plaintiff's Ditropan dosage in order to monitor whether his condition could be controlled at a lower dosage when combined with behavior modification techniques like kegel exercises and fluid reduction.  (Docket no. 109, ex. A).  Defendant Marble further declares that it is her professional belief that reducing Ditropan will not cause a urinary tract infection because Ditropan decreases the need to urinate.  Defendant Marble declares that frequent urination

4

helps

avoid infections by flushing bacteria from the bladder. Plaintiff has not submitted evidence to show otherwise.

Even if Plaintiff were able to meet the objective component of his claim and demonstrate that he had a serious medical need, he has not produced evidence to establish the existence of a genuine issue of material fact that Defendant Marble had a sufficiently culpable state of mind. Here, Plaintiff clearly received medical treatment from Defendant Marble and objects to the adequacy of that treatment. As such, Plaintiff's Eighth Amendment claim does not rise to the level required to establish deliberate indifference to a serious medical need.

Likewise, with regard to Plaintiff's claim of retaliation the Court is not persuaded that a reduction in Plaintiff's Ditropan dosage from three tablets to two tablets per day constitutes an adverse action that would deter a person of ordinary firmness from continuing to file grievances and lawsuits. Nor is there sufficient evidence to support a causal connection between Plaintiff's involvement in protected activities and Defendant Marble's reduction in the Ditropan dosage.

For the reasons stated above, the Court recommends that Defendant Marble be granted summary judgment on Plaintiff's Eighth Amendment and retaliation claims.

### III.   NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of*

*Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than fourteen days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: June 7, 2012               s/ Mona K. Majzoub
                                  MONA K. MAJZOUB
                                  UNITED STATES MAGISTRATE JUDGE

**PROOF OF SERVICE**

I hereby certify that a copy of this Report and Recommendation was served upon Matthew Catanzaro and Counsel of Record on this date.

Dated: June 7, 2012               s/ Lisa C. Bartlett
                                  Case Manager